UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
REISHA SIMPSON,

                               Plaintiff,          **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTIONS *IN LIMINE***

            -against-

THE CITY OF NEW YORK, et al.,          12 Civ. 06577 (KBF)

                               Defendants.

------------------------------------------------------------------------X

## PRELIMINARY STATEMENT

Plaintiff respectfully submits this Memorandum of Law in support of her motions *in limine*. Specifically, plaintiff Simpson respectfully submits this motion pursuant to Rules 401, 402, 403, 404, 608, and 609 of the Federal Rules of Evidence ("FRE") to: 1) exclude Plaintiff's prior criminal history; 2) exclude Plaintiff's employment history; 3) allow Plaintiff to proffer testimonial and documentary evidence rebutting Defendant's claim that Plaintiff engaged in recent fabrication by claiming that she spoke with Officer Nelson prior to boarding the bus; 4) preclude Defendant from calling an MTA bus driver to testify about MTA policy or practice; 5) limit evidence of Plaintiff's employment and tax records to evidence of Metrocards she purchased shortly before this incident; and 6) preclude defendant from asking non-party Phillip Roberts about his pending civil case.

## ARGUMENT

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility of certain forecasted evidence. See Luce v. United States. 469 U.S. 38,40

(1984)(explaining that the motion *in limine* is used to "exclude anticipated prejudicial evidence before the evidence is actually offered"). See also Palmieri v. Defaria. 88 F.3d 136, 141 (2d Cir. 1996)('The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.").

As an initial matter, evidence must be "relevant" to be admissible. Fed. R. Evid. 402. The Federal Rules of Evidence define "relevant" evidence as that "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence." Fed. R. Evid. 401. Further, Federal Rule of Evidence 403 grants a district court discretion to exclude even *relevant* evidence on the grounds of prejudice, confusion, or waste of time:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

Thus, to be admissible, evidence must be both (1) relevant and (2) not outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. See Fed. R. Evid. 402 and 403. Further, rule 404(b) states, in relevant part, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in

order to show that on a particular occasion the person acted in accordance with the character. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b).

I.   **DEFENDANT SHOULD BE PRECLUDED FROM ELICITING EVIDENCE REGARDING PLAINTIFF'S CRIMINAL HISTORY**

   A.   **Evidence of Ms. Simpson's Prior Arrest For a Case That Was Dismissed is Inadmissible For Any Purpose Under FRE 404(b)**

Defendant should be precluded from introducing any evidence of Ms. Simpson's prior arrest fifteen (15) years ago upon a charge that was subsequently dismissed, and for which, therefore, Mr. Simpson was never convicted. Pursuant to Rule 401 of the Federal Rules of Evidence, this information is irrelevant and should be precluded. The fact that Ms. Simpson once experienced an arrest arising from a custody dispute makes no fact in this case "more or less probable than it would be without the evidence." FRE 401.

Ms. Simpson's arrest record on the date of this incident is not relevant to, or probative of, her or the defendant's state of mind, conduct, or any other legitimate purpose under 404(b). The only possible purpose for admitting this evidence is as impermissible character evidence, when in fact Mr. Simpson's character is not at issue in this case given that the defendant admittedly knew *absolutely nothing* about her prior to her arrest. See Stephen, 2009 WL 1471180 at *8 ("[T]he court finds that the drug charges are inadmissible…Defendant apparently proffer[ed] these charges solely to demonstrate [plaintiff's] bad character; however, his character is not at issue in this case.") Given that Ms. Simpson's unsubstantiated arrest has absolutely no probative value to any relevant issue in this case – namely, whether or not there was probable cause to

arrest and prosecute Ms. Simpson – the only reason to admit this evidence would be to improperly encourage the jury to make the impermissible inference that *if Ms. Simpson were arrested on a prior occasion, there must have been probable cause for her arrest on this occasion.* As such, it is impermissible character evidence explicitly prohibited by Rule 404. It is also prohibited under Rule 403 since the danger of unfair prejudice that will inevitably result would substantially outweigh the non-existent probative value of the evidence.

Similarly, any veiled attempt to admit this evidence under Rule 404(b) "for *other* purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident" must be rejected. Hynes v. Coughlin, 79 F.3d 285, 290 (2d Cir. 1996); Lewis v. Velez, 149 F.R.D. 474, 479 (S.D.N.Y. 1993) ("While it is true that 404(b) permits evidence of other acts to show [another purpose], [that purpose] must in fact be *at issue* in the case to justify admission of such evidence.")(emphasis added). Specifically, in the present matter, Mr. Simpson's criminal arrest history has no bearing on either Mr. Simpson's or Officer Nelson's conduct or state of mind on the date in question. Further, evidence of this arrest will not illuminate the question of whether the defendant had probable cause to believe that Ms. Simpson was committing a crime.

The ostensible basis for such questioning could be the alleged probative effect of Ms. Simpson's previous arrest on the damages she sustained in the instant matter. It is Plaintiff's position that any inference that could be drawn from Ms. Simpson's prior incarceration is, at best, equivocal, in violation of FRCP 611 (a). It could, for example, be argued that the effect of her prior arrest scarred her and caused her subsequent arrest and incarceration to be **more** painful rather than less so. Without expert testimony to give substance to the inference that the prior

arrest/incarceration desensitized Ms. Simpson to the current arrest/incarceration, Defendant would be engaging in rank and damning speculation. Indeed, such speculation would be all the more damning because the charges for which Ms. Simpson was arrested and briefly incarcerated were baseless allegations brought by a soon-to-be ex-husband in a bitter custody dispute that was subsequently dismissed. Allowing Defendant to ask about the incident would encourage the jury to speculate about the basis for the arrest, and infer that Plaintiff has a history of committing crimes that result in her arrest, in violation of Rule 404 (b) of the Federal Rules of Evidence. Indeed, such evidence would amount to little more than a thinly veiled attempt to smear Ms. Simpson's character. As a result, even if the Court were to determine that this incident constitutes relevant evidence, this evidence should be excluded since it fails to meet the requirements of Rule 403 of the Federal Rules of Evidence.

Since any evidence of Plaintiff's prior arrest has no tendency to make any fact in this case more or less probable, it should also be excluded under both Rule 401 and 403.

## II. DEFENDANTS SHOULD BE PRECLUDED FROM ASKING ANY QUESTIONS RELATING TO PLAINTIFF'S EMPLOYMENT

Defendants should be precluded from questioning or offering any evidence regarding plaintiff's employment history pursuant to Fed. R. Evid. 401, 402, 403 and 404(a). During discovery, defendants obtained records from plaintiff's former employer and from the Federal Government. Further, at plaintiff's deposition, she was asked numerous questions regarding her prior employment history (Simpson Dep. at P 18 - 30). In the instant action, there is *no lost earnings claim*. Therefore, defendants' attempt to introduce evidence regarding plaintiff's employment and earnings history is palpably irrelevant to the claims in this action.

Courts have repeatedly rejected attempts to use a plaintiff's employment history to

arrest/incarceration desensitized Ms. Simpson to the current arrest/incarceration, Defendant would be engaging in rank and damning speculation. Indeed, such speculation would be all the more damning because the charges for which Ms. Simpson was arrested and briefly incarcerated were baseless allegations brought by a soon-to-be ex-husband in a bitter custody dispute that was subsequently dismissed. Allowing Defendant to ask about the incident would encourage the jury to speculate about the basis for the arrest, and infer that Plaintiff has a history of committing crimes that result in her arrest, in violation of Rule 404 (b) of the Federal Rules of Evidence. Indeed, such evidence would amount to little more than a thinly veiled attempt to smear Ms. Simpson's character. As a result, even if the Court were to determine that this incident constitutes relevant evidence, this evidence should be excluded since it fails to meet the requirements of Rule 403 of the Federal Rules of Evidence.

Since any evidence of Plaintiff's prior arrest has no tendency to make any fact in this case more or less probable, it should also be excluded under both Rule 401 and 403.

## II. DEFENDANTS SHOULD BE PRECLUDED FROM ASKING ANY QUESTIONS RELATING TO PLAINTIFF'S EMPLOYMENT

Defendants should be precluded from questioning or offering any evidence regarding plaintiff's employment history pursuant to Fed. R. Evid. 401, 402, 403 and 404(a). During discovery, defendants obtained records from plaintiff's former employer and from the Federal Government. Further, at plaintiff's deposition, she was asked numerous questions regarding her prior employment history (Simpson Dep. at P 18 - 30). In the instant action, there is *no lost earnings claim*. Therefore, defendants' attempt to introduce evidence regarding plaintiff's employment and earnings history is palpably irrelevant to the claims in this action.

Courts have repeatedly rejected attempts to use a plaintiff's employment history to

attack their credibility. See Rajaravivarma v. Bd. of Trustees for the Conn. State Univ. Sys., 272 F.R.D. 315, (D. Conn. 2011).( "[W]hat [defendant] seeks is precisely the sort of propensity evidence that Federal Rule of Evidence 404(a) prohibits.  Character evidence is inadmissible under Rule 404(a) if it seeks to establish that an individual has acted in conformity therewith.")   See also Ireh v. Nassau Univ. Med. Ctr, 2008 U.S. Dist. LEXIS 76583, *15 (E.D.N.Y. Sept. 17, 2008) (plaintiff's "prior employment records are not likely to lead to the discovery of admissible evidence – such evidence as Defendant's describe it *would be inadmissible under Federal Rule of Evidence 404(a)*, which provides that "[e]vidence of a person's character or a trait of a character is not admissible for the purpose of proving action in conformity therewith.")(citation omitted)(emphasis added); Lev v. South Nassau Communities Hospital, 2011 U.S. Dist. LEXIS 92391, *4 (E.D.N.Y. Aug. 18, 2011) ("defendants' request for the production of plaintiff's prior employment records to show plaintiff's state of mind, motive and/or modus operandi is not reasonably calculated to lead to the discovery of admissible evidence."); Carling v. Peters, U.S. Dist. LEXIS, 92952, *7 (S.D.N.Y. Aug. 19, 2011) ("The evidence sought is either irrelevant or would likely be inadmissible. See Fed. R. Evid. 404."); Security Plans, Inc., v. CUNA Mutual Ins. Soc., 261 F.R.D. 4,8 (W.D.N.Y. Sept. 15, 2009) ("Neither should the court allow extensive discovery into claims that are *clearly foreclosed as a matter of law*")(emphasis supplied).[1]

Even assuming, *arguendo*, that plaintiff's prior employment history could be considered relevant to the instant action, it should nonetheless be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading

---

[1] While these cases were decided in the context of discovery motions, their rationales apply with equal force in this context.

the jury..." Fed. R. Evid. 403. "In making a Rule 403 determination, courts should ask whether the evidence's proper value is more than matched by [the possibility]…that it will divert the jury from the facts which should control their verdict." Bensen v. American Ultramar Ltd.,), 1996 U.D. Dist. Lexis 10647 at *19 (S.D.N.Y. July 26, 1996) (quoting United States v. Krulewitch, 145 F.2d 76, 80 (2d Cir. 1944)). Here, the prejudicial impact of prior employment incidents outweighs any probative value that such evidence might have. Accordingly, the Court should preclude defendants from introducing such evidence under Rule 403.

Based on the above case law, plaintiff respectfully submits that defendants should be precluded from making any reference to her prior employment during this trial, as such evidence is palpably irrelevant, highly prejudicial and has no bearing on any claims in this action.

III. **IF DEFENDANT SUGGESTS THROUGH HIS QUESTIONING OF PLAINTIFF THAT SHE RECENTLY FABRICATED HER CLAIM OF HAVING SPOKEN WITH DEFENDANT NELSON PRIOR TO HER ARREST, THEN PLAINTIFF SHOULD BE PERMITTED TO INTRODUCE WITNESS AND/OR DOCUMENTARY EVIDENCE OF PLAINTIFF'S PRIOR CONSISTENT STATEMENTS, NAMELY THAT SHE DID SPEAK WITH NELSON PRIOR TO HER ARREST.**

Ms. Simpson testified at her deposition that Defendant Nelson spoke with her in a flirtatious manner outside the bus before entering the bus and arresting her. She did not mention this conversation during her 50H testimony because she did not understand a particular question by Defense Counsel to be a reference to this interaction. Plaintiff's Counsel therefore anticipates that Defense Counsel will confront Ms. Simpson during her trial testimony regarding this purported omission, thereby inferring that she recently fabricated this interaction. Should Defense Counsel do so, Plaintiff's Counsel intends to call witnesses who will testify to prior consistent statements by Ms. Simpson, or introduce documentary evidence of those same prior

consistent statements, or both.  Plaintiff therefore asks the Court to issue a preliminary ruling in favor of the admission by Plaintiff of such testimony or documentary evidence in the event that Defendant suggests recent fabrication through his questions.

The law is well settled that such extrinsic evidence is admissible if an attack on a witness presumes that a contradiction is "the product of bias or recent fabrication, a consistent statement made prior to the existence of that fabrication or bias logically refutes the attack. Accordingly, such evidence is admissible to support credibility and, under Rule 801(d)(1)(B), is not hearsay even when offered for substantive purposes." 27 Fed. Prac. & Proc. Evid. § 6098 (2d ed.); see, e.g., U.S. v. Dominguez, 604 F.2d 304, 310–311, (4th Cir. 1979) certiorari denied 100 S.Ct. 664. To preclude Plaintiff from offering such testimony or documentary evidence would allow Defendant to create the **demonstrably false** inference that Plaintiff fabricated a conversation with Defendant Nelson and is not, therefore, being honest with the jury.

**IV.    MOTION TO PRECLUDE DEFENDANT FROM CALLING AN MTA BUS DRIVER TO TESTIFY REGARDING GENERAL MTA PRACTICES AND POLICIES.**

An individual bus driver is not qualified to testify to MTA policy as it is outside the scope of his/her personal knowledge and area of expertise.  Pursuant to Federal Rules of Evidence 602 and 701, a non-administrator is not the proper witness to testify to general agency policy.  A lay witness is neither qualified to testify regarding general practices nor to give opinion testimony regarding specific instances, scenarios or hypothetical situations.  In U.S. v. Perkins, 470 F.3d 150, 156 (4th Cir. 2006) the Court concluded that officers without personal knowledge of events who gave testimony regarding the appropriate use of force was error. "Under the Federal Rules of Evidence, speculative opinion testimony by lay witnesses – i.e.,

testimony not based upon the witness's perception – is generally considered inadmissible. Washington v. Department of Ransp., 8 F.3d 296, 300 (5th Cir. 1993), relied on by Perkins.

"Federal Rule 701(a) requires that lay opinions meet the requirements of personal knowledge under Rule 602. Entitled "Opinion Testimony by Lay Witnesses," Rule 701 provides as follows:

> If the witness is not testifying as an expert, the witness's testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

C. Itoh & Co.(America) v. M/V Hans Leonhardt, 719 F. Supp. 514, (E.D. La. 1989).

A bus driver who lacks personal knowledge of the incident is simply not qualified to testify regarding general MTA policy or practice.  Nor are they equipped with the expertise to opine on whether specific circumstances conform with MTA policy or practice.  Such testimony should, therefore, be precluded.

**V.    THE COURT SHOULD PRECLUDE DEFENDANT FROM ELICITING ANY BANK RECORDS OTHER THAN THOSE THAT RELATE TO MS. SIMPSON'S METROCARD PURCHASES.**

The only relevant financial records in this case are those which pertain to Ms. Simpson's contention that she purchased various Metro Cards prior to her arrest by Officer Nelson.  Federal Rules of Evidence 402 and 403 support a scheme precluding irrelevant evidence which would serve to confuse a jury.  Here, there is no legitimate connection between Ms. Simpson's general financial records and the issues in this case.  The only practical reason Defendant would offer such evidence would be to muddy the water and confuse the jury.  Ms. Simpson's general financial situation and records are in no way relevant to the case before the Court, and therefore

any inquiry into her financial records should be limited to her purchase of the Metro Cards in question.

## VI. DEFENDANT SHOULD BE PRECLUDED FROM ASKING PHILLIP ROBERTS ABOUT HIS PENDING CIVIL ACTION UNRELATED TO THIS CASE.

Defendant should be precluded from asking Mr. Roberts about his pending personal injury action in an unrelated case. The fact that Mr. Roberts is involved in civil litigation of his own is irrelevant to the case before this Court and should therefore be precluded. In addition, the only motivation for such questioning by Defendant would be to suggest that Mr. Roberts, and by association the Plaintiff, are of a "litigious character," in violation of Rule 404 of the Federal Rules of Evidence.

## **CONCLUSION**

For the reasons stated above, Plaintiff respectfully requests that the Court grant the above-mentioned motions in limine.

Dated: Bronx, New York
September 24, 2015

                                                      Respectfully Submitted,

                                                    _____/s/_____

                                                    Katherine E. Smith
                                                    Steven Goldman
                                                    Attorney for Reisha Simpson