

ZACHARY W. CARTER
*Corporation Counsel*

**THE CITY OF NEW YORK**

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, N.Y. 10007

JOSHUA J. LAX
phone: (212) 356-2661
fax: (212) 356-3582
Senior Counsel

October 17, 2015

**BY ECF**
Honorable Katherine B. Forrest
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 730
New York, NY 10007

      Re:    <u>**Simpson v. City of New York et. al.,**</u> **12 Civ. 6577 (KBF)**

Your Honor:

      I am a Senior Counsel representing defendant Kenson Nelson in the above-referenced matter. Pursuant to the Court's request, I write to set forth the legal basis for defendant's request that the jury be charged on several specific violations of the MTA Rules of Conduct. As an initial matter, the regulations permit prosecution of any violation of those rules in the Criminal Court of the City of New York pursuant to N.Y. PUBLIC AUTH. L. § 1204(5-a). See 21 N.Y.C.R.R., Chapter XXI, Part 1050, §1050.10(a).

      Although not actually invoked as charges against plaintiff, Courts have repeatedly held that "a claim for false arrest turns only on whether probable cause existed to arrest a defendant, and that it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest." <u>Jaegly v. Couch</u>, 439 F.3d 149, 154 (2d Cir. 2006) (citing <u>Devenpeck v. Alford</u>, 543 U.S. 146, 153-54 (2004)); <u>see also</u> <u>Zellner v. Summerlin</u>, 494 F.3d 344, 369 (2d Cir. 2007) ("[A]n arrest is not unlawful so long as the officer has knowledge of, or reasonably trustworthy information as to, facts and circumstances sufficient to provide probable cause to believe that the person arrested has committed any crime.").

      In this case for example, even though not invoked as an arrest charge, defendant respectfully submits that probable cause also existed to arrest plaintiff for 21 N.Y.C.R.R., Chapter XXI, Part 1050, §1050.9(f). That provision provides: No person shall enter or leave a subway car, bus or other conveyance operated by the Authority except through the entrances and exits provided for that purpose. If the jury finds that there was no issue with the front door of the

bus as asserted by defendant and that plaintiff was therefore not permitted to enter through the rear door of the bus then there would also be probable cause for this charge. Therefore, defendant respectfully submits that the jury should also be charged on the relevant violations of the MTA Rules of Conduct.

Lastly, the Second Circuit upheld summary judgment where the plaintiff was arrested for drug offenses, but the plaintiff's testimony nonetheless established that his violent confrontation with a woman that was observed by police officers created probable cause for plaintiff's arrest on other offenses for which he was not actually arrested such as Reckless Endangerment. Rutigliano v. City of New York, 326 Fed. Appx. 5, 7-8 (2d Cir. 2009). The Second Circuit also discussed this legal principle in the decision remanding this matter, based on a citation to Jaegley, quoted above. Simpson v. City of New York, 793 F.3d 259, 268 (2d Cir. 2015).

Respectfully submitted,

/s/

Joshua J. Lax
Senior Counsel

CC: By ECF
All Counsel