

| ZACHARY W. CARTER<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | JOSHUA J. LAX<br>phone: (212) 356-2661<br>fax: (212) 356-3582<br>Senior Counsel |
|---|---|---|

October 17, 2015

**BY ECF**
Honorable Katherine B. Forrest
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 730
New York, NY 10007

      Re:    <u>Simpson v. City of New York et. al.</u>, 12 Civ. 6577 (KBF)

Your Honor:

      I am a Senior Counsel representing defendant Kenson Nelson in the above-referenced matter. Pursuant to the Court's request, I write to briefly summarize defendant's objection to plaintiff testifying that she made a complaint to some organ of the New York City Police Department. By way of background, plaintiff testified at her deposition that after her arraignment she went home and filed a complaint with the New York City Police Department which included describing the incident over the phone in regards to her alleged unlawful arrest. While defendant does not dispute that plaintiff made a complaint regarding her arrest, this fact is irrelevant to the issue of probable cause, could confuse and mislead the jury, and is unduly prejudicial.[1] Plaintiff is proposing to tell the jury that shortly after her release she filed a report with the Police Department as evidence of her damages and to rebut the claim of her fabricating aspects of her story.

      This fact does not accomplish either of those purposes. Her damages, *inter alia*, are for her detention up onto her arraignment and emotional injuries. Her filing a complaint is not probative of that.. Further, whether she filed a complaint or not is not probative of whether there was probable cause. Nor is the outcome of that complaint probative of her damages or probable cause. Furthermore, there is no constitutional right to an investigation. <u>Bernstein v. New York</u>,

---

[1] Per the Court's directive at the pre-trial conference, the parties are not to introduce any documentary record of this complaint. The parties agreed, but plaintiff's counsel made reference to plaintiff stating during testimony that she made a complaint to the police department.

591 F. Supp. 2d 448, 460 (S.D.N.Y. 2008).  Officer Nelson, the only defendant in this action, has no control over any internal investigation.  Thus, to suggest this evidence is relevant to damages is unduly prejudicial since it allows plaintiff to seek damages for an event that cannot lead to a constitutional violation, and that Officer Nelson has no control over.  The only effect of this evidence would be to confuse the jury about the issues in the case, speculate and draw improper inferences about the results of the complaint, and possibly award damages where none are recoverable.  Lastly, this evidence is another attempt to bolster plaintiff's credibility.

                Respectfully submitted,

                /s/

                Joshua J. Lax
                Assistant Corporation Counsel

CC:    <u>By ECF</u>
        All Counsel