```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
REISHA SIMPSON,                                             :
                                                            :
                            Plaintiff,                      :     12 Civ. 6577 (KBF)
              -v-                                           :
                                                            :            ORDER
                                                            :
POLICE OFFICER KENSON NELSON,                               :
SHIELD #001838, 40 PCT                                      :
                                                            :
                            Defendant.        X
------------------------------------------------------------
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 21, 2015

KATHERINE B. FORREST, District Judge:

On October 16, 2015, the Court held a hearing on spoliation of evidence referenced in this Court's prior decision dated October 9, 2015. (ECF No. 93.) This is a false arrest case; the arrest was principally based on non-payment of bus fare. At issue is the circumstances around the loss of a valid Metro Card that plaintiff claims she had in her possession when defendant arrested her. The Metro Card has been lost. Defendant moved in limine to preclude plaintiff from presenting testimony and evidence as to the Metro Card because plaintiff cannot present the original, physical Metro Card, and because she and attorneys failed to preserve the Metro Card.

The purpose of the spoliation hearing was to determine 1) when plaintiff's obligation to preserve the Metro Card arose, 2) whether plaintiff had the requisite state of mind to constitute spoliation, and 3) what remedy, if any, is appropriate. See Byrnie v. Town of Cromwell, Bd. Of Educ., 243 F.3d 93, 107 (2d Cir. 2001).

1

At the hearing,[1] and on consent in lieu of live testimony, defendant presented testimony from the deposition of Michael Haidas, plaintiff's criminal Legal Aid attorney. Mr. Haidas also answered questions live for the Court (telephonically, on consent). Plaintiff also presented several exhibits in support of her argument, including handwritten notes from Mr. Haidas recording a Metro Card number, a reference to "Utica Ave" in his notes, and a record from the MTA showing transactions on a Metro Card number that matched the handwritten notes, and that referenced a swipe at Utica Avenue on the date in question.

### Obligation to Preserve

Plaintiff's obligation to preserve the Metro Card arose when she reasonably anticipated filing an action against defendant. See Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 218 (S.D.N.Y. 2003); see also Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec., 685 F. Supp. 2d 456, 466 (S.D.N.Y. 2010) ("A plaintiff's duty is more often triggered before litigation commences, in large part because plaintiffs control the timing of litigation."), abrogated on other grounds by Chin v. Port Auth. of N.Y. & N.J., 685 F.3d 135 (2d Cir. 2012).

It is not totally clear when plaintiff reasonably anticipated filing an action, though it is clear from the evidence and is undisputed that she communicated with a civil attorney shortly after the incident. The Court draws the reasonable inference that her obligation to preserve attached as of July 27, 2011, when the

---

[1] As a preliminary matter, plaintiff's counsel argued that a spoliation hearing was not necessary because even if the evidence existed, it would not support a claim or defense. This is incorrect for two reasons. The evidence is relevant and missing.

criminal lawyer indicated he had communicated with Mr. Goldman, civil counsel. What then, happened to the card? When questioned by the Court at the hearing, Mr. Haidas stated that he recalls seeing the card and writing down the serial number and expiration date. He testified that plaintiff showed him the card while she was still incarcerated and awaiting arraignment. She therefore had no opportunity to obtain a card from a third party. He also testified that while he has no specific recollection of what he did with this particular Metro Card, his normal practice was to return Metro Cards to his clients after examining the cards (because an active card bearing value would be useful to his clients—most of whom are indigent). Mr. Haidas further testified that his normal practice is to keep all records and to return all records to the Legal Aid Society's filing system. He stated that he has no reason to believe that he would ever throw out a client record. He checked his file and the card was not there.

Plaintiff had a duty to preserve the card; the Court finds it more likely than not that she was in possession of the card after she showed it to Mr. Haidas. Any loss of the card is attributable to her own actions. (Mr. Goldman, civil counsel, never took possession of the card).

### Plaintiff's state of mind

For plaintiff to have spoliated evidence, she must have had a "culpable state of mind." This occurs when "the evidence was destroyed knowingly, even if without intent to breach a duty to preserve it, or negligently." Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 107 (2d Cir. 2002) (internal alterations, quotation

3

marks, and citations omitted). The finding of spoliation does not rest on "any finding of moral culpability," but rather because "the risk that the evidence would have been detrimental rather than favorable should fall on the party responsible for its loss." Id. (citing Turner v. Hudson Transit Lines, Inc., 142 F.R.D. 68, 75 (S.D.N.Y. 1991)).

In this case, Mr. Goldman stated forthrightly and credibly that he did not inform plaintiff of her obligation to preserve the card. The law required that, as counsel, he do so. See Zubulake, 220 F.R.D. at 218. However, having failed to do so, plaintiff's subsequent actions vis-à-vis the card demonstrate no conduct intentionally violative of known obligations. Plaintiff's actions were therefore negligent. It was reasonably foreseeable—even without instruction—that the card would be relevant to her claim. Plaintiff produced the card to her Legal Aid attorney precisely because she saw the connection between the card and the unlawfulness of her arrest.

### Remedy

The Court finds, however, that as an evidentiary matter, the loss of the physical Metro Card has resulted in little prejudice to defendant. Here, defendant has only articulated one potential form of prejudice:[2] his speculation that the serial number Mr. Haidas wrote down may be different from the one on the physical

---

[2] Defendant also argues that without the original Metro Card, plaintiff violates the Best Evidence Rule. Fed. R. Evid. 1002. This is not an argument about prejudice to defendant. Furthermore, Fed. R. Evid. 1004 provides that "[a]n original is not required and other evidence of the content of a writing. . . is admissible if . . . all the originals are lost or destroyed, and not by the proponent acting in bad faith." While the Court finds that plaintiff acted negligently, she did not act in bad faith.

4

Metro Card. Defendant, however, is free to cross-examine various witnesses to establish how likely it is that the card bearing the number written down by Mr. Haidas—for which there is a record of location and date / time of use—did not actually belong to plaintiff.

There is ample evidence that a card did exist at the time of arrest, that it had a serial number, and that a serial number corresponding to the card was in the MTA's records and indicated swipes generally corresponding with plaintiff's locations. In such circumstances, the absence of the physical card is far less problematic than if plaintiff asserted a card existed but lacked all corroborating evidence. To balance whatever prejudice there may be, of course, there is the vigorous cross-examination to which the plaintiff will no doubt be subjected. That is sufficient, and no further remedy is required. See West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999) (holding that courts have discretion to determine appropriate remedy for spoliation of evidence).

For the foregoing reasons, the Defendant's MIL #5 is DENIED. Plaintiff may present evidence relevant to the allegation that she possessed a valid Metro Card immediately prior to her arrest.

SO ORDERED.

Dated: New York, New York
October 21, 2015

_____
KATHERINE B. FORREST
United States District Judge